IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 02-1916 T, 02-1917 T, 02-1918 T, 02-1919 T, 02-1920 T,
02-1921 T, 02-1922 T, 02-1923 T, 02-1924 T, 02-1925 T[1]

(Judge George W. Miller),

CENCAST SERVICES, L.P. ET AL,

Plaintiffs

v.

THE UNITED STATES,

Defendant

AMENDED ANSWER AND COUNTER CLAIM IN NO. 02-1924 T

Defendant, the United States, by its attorneys, in answer to the complaint in Fed. Cl. No. 02-1924 T, and for its counterclaim, respectfully denies each and every allegation contained therein not expressly admitted below.

Defendant further:

1. Admits that the first and second sentences of paragraph 1 of the complaint set forth plaintiff's characterization of its cause of action, but denies that any amount is due and owing from defendant to plaintiff. Admits that plaintiff filed claims for refund for the alleged of FICA and FUTA taxes on April 22, 2002, with respect to all four quarters of 1992, all four quarters of 1993, all four quarters of 1994, all four quarters of 1995, and all four quarters of 1996 (FICA) and for calendar years 1992, 1993, 1994, 1995, and 1996 (FUTA) and admits that copies of the

[1]By order dated January 7, 2003, proceedings in these related cases were consolidated. The plaintiff in Fed. Cl. No. 02-1924 T is Pixpay Services, L.P.

claims are attached to the complaint, except denies that the copy of the FICA claims for 1995 (Exhibit D) is complete and does not admit or deny that the copy of the FUTA claim for 1996 (Exhibit J) is a complete and correct copy of the original. Admits that the alleged claims for refund have been disallowed. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 1 of the complaint.

2. States that jurisdiction, if it exists, is founded upon 28 U.S.C. § 1491.

3-4. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 3 and 4 of the complaint.

5. Admits that plaintiff s employer identification number is 95-4339430 and states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 5 of the complaint.

6. Admits the allegations set forth in paragraph 6 of the complaint.

7. Admits that paragraph 7 of the complaint sets forth plaintiff's characterization if its cause of action, but denies that any amount is due and owing from defendant to plaintiff.

8. Admits the allegations set forth in paragraph 8 of the complaint, except denies that the returns, other than the FICA returns for the first and third quarters of 1992 and the first and third quarters of 1996, were timely filed.

9. Admits that the amounts of taxes assessed per the alleged returns were paid.

10. Admits the allegations set forth in paragraph 10 of the complaint, except denies that the returns were timely filed.

11. Admits that the amounts of taxes assessed per the alleged returns were paid.

12. Admits the allegations set forth in paragraph 12 of the complaint, except states that the alleged amounts of assessments of interest for the second quarter of 1992, fourth quarter 1994, and first quarter of 1996, consist of assessments of interest and reversals of overpayment interest, and denies that the alleged assessments include all assessments of additions to tax that have been made with respect to the alleged assessments of tax.

13. Admits the allegations set forth in paragraph 13 of the complaint.

14. Admits the allegations set forth in paragraph 14 of the complaint, except states that the alleged payment was made on November 14, 2001.

15. Admits the allegations set forth in paragraph 15 of the complaint, except states that the alleged payment was made on February 21, 2002.

16. Admits the allegations set forth in paragraph 16 of the complaint, except states that the alleged payment was made on November 14, 2001.

17. Admits the allegations set forth in paragraph 17 of the complaint, except states that the alleged payment was made on February 21, 2002.

18. Admits the allegations set forth in paragraph 18 of the complaint, except states that the alleged payment was made on November 14, 2001.

19. Admits the allegations set forth in paragraph 19 of the complaint, except states that the alleged payment was made on February 21, 2002.

20. Admits the allegations set forth in paragraph 20 of the complaint, except states that the alleged payment was made on November 14, 2001.

21. Admits the allegations set forth in paragraph 21 of the complaint, except states that the alleged payment was made on February 21, 2002.

22. Admits the allegations set forth in paragraph 22 of the complaint, except states that the alleged payment was made on November 14, 2001, and exceeded the amount alleged.

23-25. Denies the allegations set forth in paragraphs 23-25 of the complaint.

26-33. Admits the allegations set forth in paragraphs 26-33 of the complaint, except states that the alleged payments were made on November 14, 2001.

34. Admits the allegations set forth in paragraph 34 of the complaint, except states that the alleged payment was made on November 14, 2001.

35-37. Denies the allegations set forth in paragraphs 35-37 of the complaint.

38. Admits that during 2002 plaintiff filed claims for refund with respect to the FICA liabilities.

39. Admits that the alleged claims for refund have been disallowed.

40-41. Admits the allegations set forth in paragraphs 40-41 of the complaint.

42-46. Admits the allegations set forth in paragraphs 42-46 of the complaint, except states that the alleged payments were made on November 14, 2001.

47. Admits that during 2002 plaintiff filed claims for refund with respect to the alleged FUTA liabilities.

48. Admits that the alleged claims for refund have been disallowed.

COUNT ONE

49. Incorporates its responses to paragraphs 1 through 48 of the complaint as if more fully set forth at length.

50-53. Denies the allegations set forth in paragraphs 50-53 of the complaint.

54. Admits the allegations set forth in the first sentence of paragraph 54 of the

complaint and states that the remaining allegations set forth in paragraph 54 are legal argument to which no response is required.

55-56. States that the allegations set forth in paragraphs 55-56 of the complaint are legal argument to which no response is required.

57. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraphs 14 and 15 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 57 of the complaint. Denies the allegations set forth in the second sentence of paragraph 57 of the complaint.

58-60. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 58-60 of the complaint.

COUNT TWO

61. Incorporates by reference its responses to paragraphs 1 through 60 of the complaint as if more fully set forth at length.

62-65. Denies the allegations set forth in paragraphs 62-65 of the complaint.

66. Admits the allegations set forth in the first sentence of paragraph 66 of the complaint and states that the remaining allegations set forth in paragraph 66 are legal argument to which no response is required.

67-68. States that the allegations set forth in paragraphs 67-68 of the complaint are legal argument to which no response is required.

69. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraphs 16 and 17 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 69 of the complaint. Denies the allegations set forth in the second sentence of paragraph 69 of the complaint.

70-72. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 70-72 of the complaint.

COUNT THREE

73. Incorporates by reference its responses to paragraphs 1 through 72 of the complaint as if more fully set forth at length.

74-77. Denies the allegations set forth in paragraphs 74-77 of the complaint.

78. Admits the allegations set forth in the first sentence of paragraph 78 of the complaint and states that the remaining allegations set forth in paragraph 78 are legal argument to which no response is required.

79-80. States that the allegations set forth in paragraphs 79-80 of the complaint are legal argument to which no response is required.

81. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraphs 18 and 19 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 81 of the complaint. Denies the allegations set forth in the second sentence of paragraph 81 of the complaint.

82-84. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 82-84 of the complaint.

COUNT FOUR

85. Incorporates by reference its responses to paragraphs 1 through 84 of the complaint as if more fully set forth at length.

86-89. Denies the allegations set forth in paragraphs 86-89 of the complaint.

90. Admits the allegations set forth in the first sentence of paragraph 90 of the complaint, and states that the remaining allegations set forth in paragraph 90 are legal argument to which no response is required.

91-92. States that the allegations set forth in paragraphs 91-92 of the complaint are legal argument to which no response is required.

93. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraphs 20 and 21 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 93 of the complaint. Denies the allegations set forth in the second sentence of paragraph 93 of the complaint.

94-96. States that defendant currently lacks knowledge or information sufficient belief as

to the truth of the allegations set forth in paragraphs 94-96 of the complaint.

COUNT FIVE

97. Incorporates by reference its responses to paragraphs 1 through 96 of the complaint as if more fully set forth at length.

98-101. Denies the allegations set forth in paragraphs 98-101 of the complaint.

102. Admits the allegations set forth in the first sentence of paragraph 102 of the complaint and states that the remaining allegations set forth in paragraph 102 are legal argument to which no response is required.

103-104. States that the allegations set forth in paragraphs 103-104 of the complaint are legal argument to which no response is required.

105. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 22 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 105 of the complaint. Denies the allegations set forth in the second sentence of paragraph 105 of the complaint.

106-108. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 106-108 of the complaint.

COUNT SIX

109. Incorporates by reference its responses to paragraphs 1 through 108 of the complaint as if more fully set forth at length.

110-113. Denies the allegations set forth in paragraphs 110-113 of the complaint.

114. Admits the allegations set forth in the first sentence of paragraph 114 of the complaint and states that the remaining allegations set forth in paragraph 114 are legal argument to which no response is required.

115-116. States that the allegations set forth in paragraphs 115-116 of the complaint are legal argument to which no response is required.

117. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 23 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 117 of the complaint. Denies the allegations set forth in the second sentence of paragraph 117 of the complaint.

118-120. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 118-120 of the complaint.

COUNT SEVEN

121. Incorporates by reference its responses to paragraphs 1 through 120 of the complaint as if more fully set forth at length.

122-125. Denies the allegations set forth in paragraphs 122-125 of the complaint.

126. Admits the allegations set forth in the first sentence of paragraph 126 of the complaint and states that the remaining allegations set forth in paragraph 126 are legal argument to which no response is required.

127-128. States that the allegations set forth in paragraphs 127-128 of the complaint are legal argument to which no response is required.

129. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 24 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 129 of the complaint. Denies the allegations set forth in the second sentence of paragraph 129 of the complaint.

130-132. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 130-132 of the complaint.

COUNT EIGHT

133. Incorporates by reference its responses to paragraphs 1 through 132 of the complaint as if more fully set forth at length.

134-137. Denies the allegations set forth in paragraphs 134-137 of the complaint.

138. Admits the allegations set forth in the first sentence of paragraph 138 of the complaint and states that the remaining allegations set forth in paragraph 138 are legal argument to which no response is required.

139-140. States that the allegations set forth in paragraphs 139-140 of the complaint are legal argument to which no response is required.

141. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in

paragraph 25 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 141 of the complaint. Denies the allegations set forth in the second sentence of paragraph 141 of the complaint.

142-144. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 142-144 of the complaint.

COUNT NINE

145. Incorporates by reference its responses to paragraphs 1 through 144 of the complaint as if more fully set forth at length.

146-149. Denies the allegations set forth in paragraphs 146-149 of the complaint.

150. Admits the allegations set forth in the first sentence of paragraph 150 of the complaint and states that the remaining allegations set forth in paragraph 150 are legal argument to which no response is required.

151-152. States that the allegations set forth in paragraphs 151-152 of the complaint are legal argument to which no response is required.

153. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 26 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 153 of the complaint. Denies the allegations set forth in the second sentence of

paragraph 153 of the complaint.

154-156. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 154-156 of the complaint.

COUNT TEN

157. Incorporates by reference its responses to paragraphs 1 through 156 of the complaint as if more fully set forth at length.

158-161. Denies the allegations set forth in paragraphs 158-161 of the complaint.

162. Admits the allegations set forth in the first sentence of paragraph 162 of the complaint and states that the remaining allegations set forth in paragraph 162 are legal argument to which no response is required.

163-164. States that the allegations set forth in paragraphs 163-164 are legal argument to which no response is required.

165. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 27 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 165 of the complaint. Denies the allegations set forth in the second sentence of paragraph 165 of the complaint.

166-168. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 166-168 of the complaint.

COUNT ELEVEN

169. Incorporates by reference its responses to paragraphs 1 through 168 of the complaint as if more fully set forth at length.

170-173. Denies the allegations set forth in paragraphs 170-173 of the complaint.

174. Admits the allegations set forth in the first sentence of paragraph 174 of the complaint and states that the remaining allegations set forth in paragraph 174 are legal argument to which no response is required.

175-176. States that the allegations set forth in paragraphs 175-176 are legal argument to which no response is required.

177. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 28 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 177 of the complaint. Denies the allegations set forth in the second sentence of paragraph 177 of the complaint.

178-180. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 178-180 of the complaint.

COUNT TWELVE

181. Incorporates by reference its responses to paragraphs 1 through 180 of the complaint as if more fully set forth at length.

182-185. Denies the allegations set forth in paragraphs 182-185 of the complaint.

186. Admits the allegations set forth in the first sentence of paragraph 186 of the complaint and states that the remaining allegations set forth in paragraph 186 are legal argument to which no response is required.

187-188. States that the allegations set forth in paragraphs 187-188 of the complaint are legal argument to which no response is required.

189. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 29 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 189 of the complaint. Denies the allegations set forth in the second sentence of paragraph 189 of the complaint.

190-192. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 190-192 of the complaint.

COUNT THIRTEEN

193. Incorporates by reference its responses to paragraphs 1 through 192 of the complaint as if more fully set forth at length.

194-197. Denies the allegations set forth in paragraphs 194-197 of the complaint.

198. Admits the allegations set forth in the first sentence of paragraph 198 of the complaint and states that the remaining allegations set forth in paragraph 198 are legal argument to which no response is required.

199-200. States that the allegations set forth in paragraphs 199-200 of the complaint are

legal argument to which no response is required.

201. Admits that plaintiff controlled the payment of wages, within the meaning § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employee identified in paragraph 30 of the complaint, but denies that plaintiff was the common-law employer of that employee in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 201 of the complaint. Denies the allegations set forth in the second sentence of paragraph 201 of the complaint.

202-204. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 202-204 of the complaint.

COUNT FOURTEEN

205. Incorporates by reference its responses to paragraphs 1 through 204 of the complaint as if more fully set forth at length.

206-209. Denies the allegations set forth in paragraphs 206-209 of the complaint.

210. Admits the allegations set forth in the first sentence of paragraph 210 of the complaint and states that the remaining allegations set forth in paragraph 210 are legal argument to which no response is required.

211-212. States that the allegations set forth in paragraphs 211-212 of the complaint are legal argument to which no response is required.

213. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 31 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 213 of the complaint. Denies the allegations set forth in the second sentence of paragraph 213 of the complaint.

214-216. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 214-216 of the complaint.

COUNT FIFTEEN

217. Incorporates by reference its responses to paragraphs 1 through 216 of the complaint as if more fully set forth at length.

218-221. Denies the allegations set forth in paragraphs 218-221 of the complaint.

222. Admits the allegations set forth in the first sentence of paragraph 222 of the complaint and states that the remaining allegations set forth in paragraph 222 are legal argument to which no response is required.

223-224. States that the allegations set forth in paragraphs 223-224 of the complaint are legal argument to which no response is required.

225. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 32 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 225 of the complaint. Denies the allegations set forth in the second sentence of paragraph 225 of the complaint.

226-228. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 226-228 of the complaint.

COUNT SIXTEEN

229. Incorporates by reference its responses to paragraphs 1 through 228 of the complaint as if more fully set forth at length.

230-233. Denies the allegations set forth in paragraphs 230-233 of the complaint.

234. Admits the allegations set forth in the first sentence of paragraph 234 of the complaint and states that the remaining allegations set forth in paragraph 234 are legal argument to which no response is required.

235-236. States that the allegations set forth in paragraphs 235-236 of the complaint are legal argument to which no response is required.

237. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 33 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 237 of the complaint. Denies the allegations set forth in the second sentence of paragraph 237 of the complaint.

238-240. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 238-240 of the complaint.

COUNT SEVENTEEN

241. Incorporates by reference its responses to paragraphs 1 through 240 of the complaint as if more fully set forth at length.

242-45. Denies the allegations set forth in paragraphs 242-245 of the complaint.

246. Admits the allegations set forth in the first sentence of paragraph 246 of the complaint and states that the remaining allegations set forth in paragraph 246 are legal argument to which no response is required.

247-248. States that the allegations set forth in paragraphs 247-248 of the complaint are legal argument to which no response is required.

249. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employee identified in paragraph 34 of the complaint, but denies that plaintiff was the common-law employer of that employee in 1996; states that defendant currently lacks knowledge or information sufficient to to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 249 of the complaint. Denies the allegations set forth in the second sentence of paragraph 249 of the complaint.

250-252. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 250-252 of the complaint.

COUNT EIGHTEEN

253. Incorporates by reference its responses to paragraphs 1 through 252 of the complaint as if more fully set forth at length.

254-257. Denies the allegations set forth in paragraphs 254-257 of the complaint.

258. Admits the allegations set forth in the first sentence of paragraph 258 of the complaint and states that the remaining allegations set forth in paragraph 258 are legal argument to which no response is required.

259-260. States that the allegations set forth in paragraphs 256-260 of the complaint are legal argument to which no response is required.

261. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 35 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 261 of the complaint. Denies the allegations set forth in the second sentence of paragraph 261 of the complaint.

262-264. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 262-264 of the complaint.

COUNT NINETEEN

265. Incorporates by reference its responses to paragraphs 1 through 264 of the complaint as if more fully set forth at length.

266-269. Denies the allegations set forth in paragraphs 266-269 of the complaint.

270. Admits the allegations set forth in the first sentence of paragraph 270 of the complaint and states that the remaining allegations set forth in paragraph 270 are legal argument to which no response is required.

271-272. States that the allegations set forth in paragraphs 271-272 of the complaint are

legal argument to which no response is required.

273. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 36 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1996; states that defendant currently lacks knowledge or information sufficient to to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 273 of the complaint. Denies the allegations set forth in the second sentence of paragraph 273 of the complaint.

274-276. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 274-276 of the complaint.

COUNT TWENTY

277. Incorporates by reference its responses to paragraphs 1 through 276 of the complaint as if more fully set forth at length.

278-281. Denies the allegations set forth in paragraphs 278-281 of the complaint.

282. Admits the allegations set forth in the first sentence of paragraph 282 of the complaint and states that the remaining allegations set forth in paragraph 282 are legal argument to which no response is required.

283-284. States that the allegations set forth in paragraphs 283-284 of the complaint are legal argument to which no response is required.

285. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 37 of the complaint, but denies that plaintiff was the common-law employer of those

employees in 1996; states that defendant currently lacks knowledge or information sufficient to to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 285 of the complaint. Denies the allegations set forth in the second sentence of paragraph 285 of the complaint.

286-288. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 286-288 of the complaint.

COUNT TWENTY-ONE

289. Incorporates by reference its responses to paragraphs 1 through 288 of the complaint as if more fully set forth at length.

290-293. Denies the allegations set forth in paragraphs 290-293 of the complaint.

294. Admits the allegations set forth in the first sentence of paragraph 294 of the complaint and states that the remaining allegations set forth in paragraph 294 are legal argument to which no response is required.

295-296. States that the allegations set forth in paragraphs 295-296 are legal argument to which no response is required.

297. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1992 of the employees identified in paragraph 42 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1992; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 297 of the complaint. Denies the allegations set forth in the second sentence of paragraph 297 of the complaint.

298-301. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 298-301 of the complaint.

COUNT TWENTY-TWO

302. Incorporates by reference its responses to paragraphs 1 through 301 of the complaint as if more fully set forth at length.

303-306. Denies the allegations set forth in paragraphs 303-306 of the complaint.

307. Admits the allegations set forth in the first sentence of paragraph 307 of the complaint and states that the remaining allegations set forth in paragraph 307 are legal argument to which no response is required.

308-309. States that the allegations set forth in paragraphs 308-309 of the complaint are legal argument to which no response is required.

310. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1993 of the employees identified in paragraph 43 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1993; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 310 of the complaint. Denies the allegations set forth in the second sentence of paragraph 310 of the complaint.

311-314. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 311-314 of the complaint.

COUNT TWENTY-THREE

315. Incorporates by reference its responses to paragraphs 1 through 314 of the complaint.

316-319. Denies the allegations set forth in paragraphs 316-319 of the complaint.

320. Admits the allegations set forth in the first sentence of paragraph 320 of the complaint and states that the remaining allegations set forth in paragraph 320 are legal argument to which no response is required.

321-322. States that the allegations set forth in paragraphs 321-322 of the complaint are legal argument to which no response is required.

323. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1994 of the employees identified in paragraph 44 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1994; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 323 of the complaint. Denies the allegations set forth in the second sentence of paragraph 323 of the complaint.

324-327. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 324-327 of the complaint.

COUNT TWENTY-FOUR

328. Incorporates by reference its responses to paragraphs 1 through 327 of the complaint as if more fully set forth at length.

329-332. Denies the allegations set forth in paragraphs 329-332 of the complaint.

333. Admits the allegations set forth in the first sentence of paragraph 333 of the complaint and states that the remaining allegations set forth in paragraph 333 are legal argument to which no response is required.

334-335. States that the allegations set forth in paragraphs 334-335 are legal argument to which no response is required.

336. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1995 of the employees identified in paragraph 45 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1995; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 336 of the complaint. Denies the allegations set forth in the second sentence of paragraph 336 of the complaint.

337-340. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 337-340 of the complaint.

COUNT TWENTY-FIVE

341. Incorporates by reference its responses to paragraphs 1 through 340 of the complaint as if more fully set forth at length.

342-345. Denies the allegations set forth in paragraphs 342-345 of the complaint.

346. Admits the allegations set forth in the first sentence of paragraph 346 of the complaint and states that the remaining allegations set forth in paragraph 346 are legal argument to which no response is required.

347-348. States that the allegations set forth in paragraphs 347-348 are legal argument to which no response is required.

349. Admits that plaintiff controlled the payment of wages, within the meaning of § 3401(d)(1) of the Internal Revenue Code of 1986, in 1996 of the employees identified in paragraph 46 of the complaint, but denies that plaintiff was the common-law employer of those employees in 1996; states that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 349 of the complaint. Denies the allegations set forth in the second sentence of paragraph 349 of the complaint.

350-353. States that defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 350-353 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

354. States that plaintiff is estopped from contending that the statute of limitations barred the IRS from making the assessments described in plaintiff's complaint and referenced above.

## SECOND AFFIRMATIVE DEFENSE

355. States that plaintiff ratified the consents executed with respect to the extensions of the statute of limitations for the assessments described in plaintiff's complaint and referenced above, with the result that the assessments were made within the appropriate statute of limitations.

## COUNTERCLAIM

356. This counterclaim is brought at the request and authorization of the Chief Counsel

of the Internal Revenue Service (as the delegate of the Secretary of the Treasury) and under the direction of the Chief of the Court of Federal Claims Section (as the delegate of the Attorney General) pursuant to the provisions of § 7401 of the Internal Revenue Code of 1986.

COUNT I

357. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $9,489.13 with respect to the quarter ending March 31, 1992.

358. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 357, above, in the amounts of $13,188.80 in accrued interest, $948.91 in failure to deposit penalties, and $1,897.83 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

359. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 357 and 358, above, is liable to the defendant for the unpaid balances thereof in the total amount of $23,266.76, plus additions thereto of penalties and interest accruing according to law.

COUNT II

360. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $19,751.11 with respect to the quarter ending June 30, 1992.

361. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 360, above, in the amounts of $26,431.76 in accrued interest, $1,975.11 in failure to deposit penalties, and $3,950.22 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and reversed overpayment interest in the amount of $1.13.

362. Plaintiff, after application of payments and credits made and applied with respect to assessments alleged in paragraphs 360 and 361, above, is liable to the defendant for the unpaid balances thereof in the total amount of $48,037.75, plus additions thereto of penalties and interest accruing according to law.

COUNT III

363. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $59,530.09 with respect to the quarter ending September 30, 1992.

364. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 363, above, in the amounts of $76,788.55 in accrued interest, $5,953.01 in failure to deposit penalties, and $11,906.02 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

365. Plaintiff, after the application of payments and credits made and applied with respect to the assessments alleged in paragraphs 363 and 364, above, is liable to the defendant for the balances thereof in the total amount of $149,012.82, plus additions thereto of penalties and interest accruing according to law.

COUNT IV

366. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $108,557.48 with respect to the quarter ending December 31, 1992.

367. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 366, above, in the amounts of $135,311.19 in accrued interest, $10,855.75 in failure to deposit penalties, and $21,711.50 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

368. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 366 and 367, above, is liable to the defendant for the unpaid balances thereof in the total amount of $269,997.91, plus additions thereto of penalties and interest accruing according to law.

COUNT V

369. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $17,274.84 with respect to the quarter ending June 30, 1993.

370. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 369, above, in the amounts of $20,090.45 in accrued interest, $1,727.48 in failure to deposit penalties, and $3,454.97 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

371. Plaintiff, with respect to the assessments alleged in paragraphs 369 and 370, above, is liable to the defendant for the unpaid balances thereof in the total amount of $42,547.74, plus additions thereto of penalties and interest accruing according to law.

COUNT VI

372. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $47,550.44 with respect to the quarter ending September 30, 1993.

373. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 372, above, in the amounts of $53,335.80 in accrued interest, $4,755.04 in failure to deposit penalties, and $9,510.09 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

374. Plaintiff, with respect to the assessments alleged in paragraphs 372 and 373, above,

is liable to the defendant for the unpaid balances thereof in the total amount of $115,151.37, plus additions thereto of penalties and interest accruing according to law.

COUNT VII

375. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $96,260.57 with respect to the quarter ending December 31, 1993.

376. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 375, above, in the amounts of $104,064.16 in accrued interest, $9,626.06 in failure to deposit penalties, and $19,252.11 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

377. Plaintiff, with respect to the assessments alleged in paragraphs 375 and 376, above, is liable to the defendant for the unpaid balances thereof in the total amount of $229,202.90, plus additions thereto of penalties and interest accruing according to law.

COUNT VIII

378. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $4,330.54 with respect to the quarter ending March 31, 1994.

379. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 378, above, in the amounts of $4,514.42 in accrued interest, $433.05 in failure to deposit penalties, and $866.11 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

380. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 378 and 379, above, is liable to the defendant for the unpaid balances thereof in the total amount of $196.74, plus additions thereto of penalties and

into according to law.

COUNT IX

381. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $1,444.38 with respect to the quarter ending June 30, 1994.

382. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 381, above, in the amounts of $1,446.39 in accrued interest, $144.44 in failure to deposit penalties, and $288.88 in accuracy-related penalties under § 6662 Internal Revenue Code of 1986.

383. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 381 and 382, above, is liable to the defendant for the unpaid balances thereof in the total amount of $2,567.36, plus additions thereto of penalties and interest accruing according to law.

COUNT X

384. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $39,599.87 with respect to the quarter ending September 30, 1994.

385. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 384, above, in the amounts of $37,842.04 in accrued interest, $3,959.99 in failure to deposit penalties, and $7,919.97 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

386. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 384 and 385, above, is liable to the defendant for the unpaid balances thereof in the total amount of $87,659.65, plus additions thereto of penalties and

interest accruing according to law.

COUNT XI

387. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $116,976.46 with respect to the quarter ending December 31, 1994.

388. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 387, above, in the amounts of $55,870.06 in accrued interest, $11,697.65 in failure to deposit penalties, and $23,395.29 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and reversed overpayment interest in the amount of $40,206.45.

389. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 387 and 388, above, is liable to the defendant for the unpaid balances thereof in the total amount of $244,449.38, plus additions thereto of penalties and interest accruing according to law.

COUNT XII

390. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $14,714.69 with respect to the quarter ending June 30, 1995.

391. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 390, above, in the amounts of $11,923.04 in accrued interest, $1,471.47 in failure to deposit penalties, and $2,942.94 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

392. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 390 and 391, above, is liable to the defendant for the

unpaid balances thereof in the total amount of $27,894.20, plus additions thereto of penalties and interest accruing according to law.

COUNT XIII

393. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $59,582.87 with respect to the quarter ending September 30, 1995.

394. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 393, above, in the amounts of $45,592.65 in accrued interest, $5,955.29 in failure to deposit penalties, and $11,916.57 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

395. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 393 and 394, above, is liable to the defendant for the unpaid balances thereof in the total amount of $120,095.93, plus additions thereto of penalties and interest accruing according to law.

COUNT XIV

396. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $132,422.78 with respect to the quarter ending December 31, 1995.

397. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 396, above, in the amounts of $95,498.60 in accrued interest, $13,242.28 in failure to deposit penalties, and $26,484.56 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

398. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 396 and 397, above, is liable to the defendant for the

unpaid balances thereof in the total amount of $263,448.99, plus additions thereto of penalties and interest accruing according to law.

COUNT XV

399. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $12,010.58 with respect to the quarter ending June 30, 1996.

400. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 399, above, in the amounts of $7,706.74 in accrued interest, $1,201.06 in failure to deposit penalties, and $2,402.12 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

401. Plaintiff, with respect to the assessments alleged in paragraphs 399 and 400, above, is liable to the defendant for the unpaid balances thereof in the total amount of $23,320.50, plus additions thereto of penalties and interest accruing according to law.

COUNT XVI

402. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $87,981.46 with respect to the quarter ending September 30, 1996.

403. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 402, above, in the amounts of $52,830.36 in accrued interest, $8,798.15 in failure to deposit penalties, and $17,596.29 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

404. Plaintiff, with respect to the assessments alleged in paragraphs 402 and 403, above, is liable to the defendant for the unpaid balances thereof in the total amount of $167,206.26, plus additions thereto of penalties and interest accruing according to law.

COUNT XVII

405. On August 27, 2001, the IRS assessed FICA taxes against plaintiff in the amount of $171,077.77 with respect to the quarter ending December 31, 1996.

406. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FICA assessment alleged in paragraph 405, above, in the amounts of $95,705.12 in accrued interest, $17,107.78 in failure to deposit penalties, $34,215.55 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986, and $3,245.52 in failure to pay penalties.

407. Plaintiff, after abatements, with respect to the assessments alleged in paragraph 405 and 406, above, is liable to the defendant for the unpaid balances thereof in the total amount of $267,439.32, plus additions thereto of penalties and interest accruing according to law.

COUNT XVIII

408. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $1,601,445.83 with respect to calendar year 1992.

409. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 408, above, in the amounts of $1,996,117.73 in accrued interest, $160,144.58 in failure to deposit penalties, and $320,289.17 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

410. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 408 and 409, above, is liable to the defendant for the unpaid balances thereof in the total amount of $4,076,370.78, plus additions thereto of penalties and interest accruing according to law.

COUNT XIX

411. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $1,498,694.54 with respect to calendar year 1993.

412. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 411, above, in the amounts of $1,620,190.09 in accrued interest, $149,869.45 in failure to deposit penalties, and $299,738.91 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

413. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 411 and 412, above, is liable to the defendant for the unpaid balances thereof in the total amount of $3,562,623.91, plus additions thereto of penalties and interest accruing according to law.

COUNT XX

414. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $2,169,359.31 with respect to calendar year 1994.

415. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the foregoing FUTA assessment alleged in paragraph 414, above, in the amounts of $1,968,188.88 in accrued interest, $216,935.93 in failure to deposit penalties, and $433,871.86 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

416. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 414 and 415, above, is liable to the defendant for the unpaid balances thereof in the total amount of $4,782,852.22, plus additions thereto of penalties and interest accruing according to law.

COUNT XXI

417. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $2,099,704.38 with respect to calendar year 1995.

418. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the FUTA assessment alleged in paragraph 417, above, in the amounts of $1,514,232.16 in accrued interest, $209,970.44 in failure to deposit penalties, and $419,940.88 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

419. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 417 and 418, above, is liable to the defendant for the unpaid balances thereof in the total amount of $4,238,735.98, plus additions thereto of penalties and interest accruing according to law.

COUNT XXII

420. On August 27, 2001, the IRS assessed FUTA taxes against plaintiff in the amount of $2,437,163.03 with respect to calendar year 1996.

421. On August 27, 2001, the IRS assessed against plaintiff additions to tax with respect to the foregoing FUTA assessment alleged in paragraph 420, above, in the amounts of $1,365,212.92 in accrued interest, $243,716.30 in failure to deposit penalties, and $487,432.61 in accuracy-related penalties under § 6662 of the Internal Revenue Code of 1986.

422. Plaintiff, after application of payments and credits made and applied with respect to the assessments alleged in paragraphs 420 and 421, above, is liable to the defendant for the unpaid balances thereof in the total amount of $4,529,368.05, plus additions thereto of penalties and interest accruing according to law.

WHEREFORE, defendant prays that the complaint be dismissed with prejudice and that judgment be entered against plaintiff and in favor of the defendant upon defendant's counterclaim in the total amount of $23,271,446.52, plus penalties and interest thereon according to law, and for such other and further relief as is just and proper.

Respectfully submitted,

s/David R. House
DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
Telephone: 202-616-3366
Facsimile: 202-514-9440

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
MARY M. ABATE
Assistant Chief, Court of Federal Claims Section
s/Mary M. Abate
Of Counsel